IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01424-DME-BNB

LOU LOU GOSS,

        Plaintiff,

v.

PAUL ZUEGER, an individual;
AMERICAN DESIGN, LTD, a corporation;
CLAYTON LANE FINE ARTS LLC, a limited liability company;
GALLERY DENVER, INC., a corporation;
SOLARIS GALLERY AT VAIL LLC;
GROVE FINE ARTS LTD, a corporation;
ASPEN GROVE FINE ARTS, LTD, a corporation;
C ANTHONY GALLERY, INC., a corporation;
MASTERS GALLERY AT VAIL, LLC, a limited liability company;
BRECKENRIDGE FINE ARTS LLC, a limited liability company;
GALERIE ZUGER, LTD., a corporation; and
JOHN DOES 1-20,

        Defendants,

v.

ESTATE OF EARL V. BISS, JR.,

        Third-Party Defendant.

---

## ORDER SETTING ASIDE ENTRY OF DEFAULT

---

This matter is before the Court on the motion of Third-Party Defendant Estate of Earl V. Biss, Jr. (the "Estate") to set aside the Clerk's entry of default against the Estate. (Doc. 79.)  The Court GRANTS the motion.

The Clerk entered default against the Estate, at Defendants' request, after the Estate failed to file a timely answer to Defendants' third-party claims asserted against the Estate.  See Fed. R. Civ. P. 55(a).  This Court "may set aside an entry of default for good cause," Rule 55(c).  "[I]n determining whether a [third-party] defendant has met the good cause standard," the Court considers "(1) whether the default was the result of culpable conduct of the [third-party] defendant, (2) whether the [third-party] plaintiff[s] would be prejudiced if the default should be set aside, and (3) whether the [third-party] defendant presented a meritorious defense."  Hunt v. Ford Motor Co., No. 94-3054, 1995 WL 523646, at *3 (10th Cir. Aug. 29, 1995) (unpublished) (citing In re Dierschke, 975 F.2d 181, 183 (5th Cir. 1992)); see also 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice & Procedure § 2692 (3d ed. 1998).  "These factors are not talismanic[, however,] and the court may consider other factors," as well.  Hunt, 1995 WL 523646, at *3.

In this case, the parties agree that the Estate had to file its answer to Defendants' third-party complaint by December 26, 2012.  Within that time period, the Estate's personal representative, Plaintiff Lou Lou Goss, filed a motion seeking an extension of time, until January 23, 2013, for the Estate to file its answer.  Defendants did not oppose that requested extension.  The magistrate judge, nevertheless, struck that motion because the Estate cannot appear without counsel.  Once Goss, the Estate's personal representative, realized that, she retained counsel for the Estate within a few weeks.  The Estate's conduct, thus, cannot be deemed culpable, which is generally defined as willful or without excuse, see Hunt, 1995 WL 523646, at *3 (citing cases);

2

see also United States v. Signed Personal Check No. 730, 615 F.3d 1085, 1092 (9th Cir. 2010) (describing "culpable conduct" as "intentionally" failing to answer, or acting in bad faith in order to take advantage of the opposing party, to interfere with judicial decisionmaking, or otherwise trying to manipulate the legal process).

Further, setting aside the default will not prejudice Defendants.  They did not oppose the personal representative's requested extension of time, which would have permitted the Estate to file its answer by January 23, 2013.  The Estate ultimately filed its answer only five days later than that, on January 28.[1]

Finally, the Estate has asserted several potentially meritorious defenses to the claims Defendants have alleged against the Estate.[2]  See Signed Personal Check No. 730, 615 F.3d at 1094 (noting that "[a]ll that is necessary to satisfy the 'meritorious defense' requirement is to allege sufficient facts that, if true, would constitute a defense).

After considering these factors in light of the circumstances presented here, the Court GRANTS the Estate's motion (Doc. 79) and sets aside the Clerk's entry of default against the Estate (Doc. 76).

---

[1] In their response opposing setting aside the entry of default, Defendants suggest that, if the Court grants the Estate's motion to set aside the entry of default, the Court should order the Estate to pay Defendants the attorney's fees they incurred defending the entry of default and for any delay in the trial resulting from the Estate's default.  Defendants contend such an award of fees would mitigate the prejudice they will suffer as a result of the Court setting aside the entry of default.  The Court DENIES that request because Defendants have not shown prejudice, resulting from the Estate's default, that would require mitigation.

[2] The Estate has asserted it has defenses against all of the claims that Defendants alleged against the Estate, including claims for breach of contract and unjust enrichment (Claims 5 and 6).

3

DONE AND SIGNED this  23rd   day of   April  , 2013.

BY THE COURT:

*s/ David M. Ebel*

U. S. Circuit Court Judge