IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-01424-DME-BNB

LOU LOU GOSS,

      Plaintiff,

v.

PAUL ZUEGER, an individual;
AMERICAN DESIGN, LTD, a corporation;
CLAYTON LANE FINE ARTS LLC, a limited liability company;
GALLERY DENVER, INC., a corporation;
SOLARIS GALLERY AT VAIL LLC;
GROVE FINE ARTS LTD, a corporation;
ASPEN GROVE FINE ARTS, LTD, a corporation;
C ANTHONY GALLERY, INC., a corporation;
MASTERS GALLERY AT VAIL, LLC, a limited liability company;
BRECKENRIDGE FINE ARTS LLC, a limited liability company;
GALERIE ZUGER, LTD., a corporation; and
JOHN DOES 1-20,

      Defendants,

v.

ESTATE OF EARL V. BISS, JR.,

      Third-Party Defendant.

---

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS, DENYING DEFENDANTS' MOTION FOR ATTORNEY FEES AND COSTS, AND ORDERING A STATUS REPORT ON REMAINING CLAIMS**

---

      This matter is before the Court on Defendants' motion for an order "(a) dismissing Plaintiff's claim for copyright infringement with prejudice, and (b) awarding Defendants

reasonable attorney fees and costs." (Doc. 178).[1] Defendants international art dealer Paul Zueger, ten retail art galleries Zueger owns and operates, and unknown publishing companies John Does 1-20 claim that Plaintiff Goss lacks standing to bring this copyright infringement action. After considering the facts and applicable law, the Court agrees that Goss lacks standing. The Court therefore GRANTS the motion in part, dismissing Plaintiff's claim for copyright infringement with prejudice, and DENIES the motion in part to award Defendants reasonable attorney fees and costs.

## I.   Background

Earl Vernon Biss, Jr. was a "world renowned Crow Indian artist." (Doc. 1 ¶¶ 9.) He died in October 1998. (Id. ¶ 16.) Plaintiff Lou Lou Goss is Biss's surviving spouse and sole heir. (Id. ¶ 17.) As Biss's heir, Goss claims that she owns the copyrights to Biss's art work. (Id. ¶¶ 10-15, 18-20.) Goss alleges that Defendants have infringed Goss's copyright by, among other things, selling unauthorized reproductions of Biss's art. (Id. at 6-8, 22-30.)

Defendants deny that they are infringing Goss's copyright. They claim, instead, that they purchased a number of pieces of Biss's work before his death and are, thus, entitled to reproduce those pieces. (Doc. 59 at 1-6.) Defendants also allege a total of six

---

[1] The copyright infringement claim is also the subject of the Defendants' motion for summary judgment (Doc. 107, Memorandum in support at Doc. 108), as well as a motion for partial summary judgment seeking to limit Plaintiff's cause of action for copyright infringement to only certain artwork (Doc. 132, Memorandum in support at Doc. 133).

counterclaims against Goss, but only Goss's copyright infringement claim and whether she has standing to assert it are at issue here.

On October 24, 2013, Goss filed for bankruptcy in Colorado. (Doc. 178-2, the probate court's "Order" at 1.) The bankruptcy court issued an Order authorizing the bankruptcy claimants against Goss to file a motion to the State Probate Court of Denver County for a judicial determination respecting the "right, title, and interest held by the Biss's probate estate as of October 24, 2013 in the assets and properties owned by Biss as of the date of his death"—specifically: (i) the copyrights in Biss's artwork, and (ii) all litigation claims arising from those copyrights. (Doc. 178-2 at 1-2.)

On January 17, 2014, the probate court issued its Order. (Id. at 1.) Based on Goss's own filings to that court, the Order "found, determined, and declared" that the personal representative of the Probate Estate (Goss, acting in that capacity), had "repeatedly represented" to the probate court that the "Copyright and Litigation Claims are and remain property of the Probate Estate and are subject to probate administration, including the claims of creditors and the costs and expenses of probate administration." (Id. at 2.)

The probate court therefore found and determined that as of October 24, 2013 when Goss filed for Chapter 13 bankruptcy, the copyright and litigation claims "were and remained property of the Probate Estate subject to probate administration, including the claims of creditors and the costs and expenses of probate administration." (Doc. 178-2 at 2.) The probate court also stated that

3

> [i]n Colorado, title to personal property passes to the administrator of an estate during the period of administration. Stone v. Chapels for Mediation, Inc., 33 Colo. App. 346, 519 P.2d 1233 (Colo. App. 1974). However, during the course of administration the personal representative holds title to decedent's property not as an individual but as a fiduciary of the estate, and the personal representative has duties to settle and distribute the estate of the decedent in accordance with the terms of any probated will and the statutes, as expeditiously and efficiently as is consistent with the best interests of the estate. C.R.S. § 15-12-703(1).

(Doc. 178-2 at 3.) The probate court held that the claims of the probate court movants against Goss as personal representative and against the estate remained valid and outstanding. (Id. at 2-3.) The probate court then authorized a sheriff's levy on the copyrights and litigation claims for one or more execution sales to satisfy these creditors' claims. (Id. at 4). The Denver District Court entered an appropriate order, and the Sheriff's sale was scheduled to take place February 25, 2014. (Amended Notice of Sheriff's Levy and Impending Execution Sale, Doc. 180 at 2.) Defendants filed their motion to dismiss on January 29, 2014. They assert that the probate court's determination that the copyrights and related litigation claims were and remained property of the estate means that Goss lacks standing to bring her copyright infringement claim. (Doc. 178 at 3.) Goss did not file a response to the Defendants' motion to dismiss or otherwise move for additional time within the 21-day period required by this Court's local rules. D.C.Colo.LCivR 7.1(d). Thus, the Court will rule on the motion without a responsive pleading.

4

## II.   Discussion

### A.   *Standing for copyright infringement*

This Court has already persuasively analyzed and construed the Copyright Act and the ownership required for standing to bring a copyright infringement action. In <u>Righthaven LLC v. Wolf</u>, 813 F. Supp. 2d 1265 (D. Colo. 2011), this Court concluded that standing to sue for copyright infringement was limited to "only parties with a legally recognized interest in copyright as delineated in [17 U.S.C.] § 106 ('legal owners'), and parties who stand to benefit from the legal dissemination of copyrighted material ('beneficial owners') have the right to sue for infringement under § 501(b) of the Copyright Act." <u>Id.</u> at 1271-72 (footnote omitted).

In <u>Righthaven</u>, a company had bought only the rights to sue for copyright infringement on certain works. <u>Id.</u> at 1273. In determining whether such a right was a sufficient basis to assert standing, this Court first noted that a "claim for infringement is based on 17 U.S.C. § 501, which provides that 'the legal or beneficial owner of an exclusive right under a copyright is entitled, subject to the requirements of section 411, to institute an action for any infringement of that particular right committed while he or she is the owner of it.'" <u>Id.</u> at 1269 (quoting 17 U.S.C. § 501(b)). The Court stated that "[a]lthough this language is straightforward, it does not expressly limit the right to sue for infringement to a legal or beneficial owner of an exclusive right," <u>id.</u>, and therefore embarked on its own analysis of what other circumstances could give rise to standing to sue for infringement. <u>Righthaven</u>, 813 F. Supp. 2d at 1269-1272 (analyzing the text,

legislative history, and policy behind the historical iterations of the Copyright Act). After undertaking this analysis, the Court arrived at its conclusion that the right to sue was limited only to owners with "a legally recognized interest in copyright as delineated in [17 U.S.C.] § 106 ('legal owners')" and beneficial owners. Id. at 1271-72.

17 U.S.C. § 106, relied on by Righthaven for the indicia of legal ownership,[2] provides that:

> Subject to sections 107 through 122, the owner of copyright under this title has the exclusive rights to do and to authorize any of the following:
>
> **(1)** to reproduce the copyrighted work in copies or phonorecords;
> **(2)** to prepare derivative works based upon the copyrighted work;
> **(3)** to distribute copies or phonorecords of the copyrighted work to the public by sale or other transfer of ownership, or by rental, lease, or lending;
> **(4)** in the case of literary, musical, dramatic, and choreographic works, pantomimes, and motion pictures and other audiovisual works, to perform the copyrighted work publicly;
> **(5)** in the case of literary, musical, dramatic, and choreographic works, pantomimes, and pictorial, graphic, or sculptural works, including the individual images of a motion picture or other audiovisual work, to display the copyrighted work publicly; and
> **(6)** in the case of sound recordings, to perform the copyrighted work publicly by means of a digital audio transmission.

Following Righthaven's analysis, a party asserting standing to sue for copyright infringement in the District of Colorado as a legal owner under 17 U.S.C. §501(b) must

---

[2] Goss does not argue that she is a "beneficial owner" under 17 U.S.C. § 501(b).

have the "exclusive" right to do at least one of the activities in the list above. Righthaven, 813 F. Supp. 2d at 1272.

### B. *Application to Colorado probate law*

Goss's assertion of copyright infringement is inconsistent with the probate court's finding that the copyrights and derivative litigation claims "were and remained property of the Probate Estate subject to probate administration, including the claims of creditors and the costs and expenses of probate administration." (Doc. 178-2 at 2.) Although "[i]n Colorado, title to personal property passes to the administrator of an estate during the period of administration," (Id. at 3 (citing Stone, 519 P.2d at 1235)), Goss does not possess any of the exclusive rights under 17 U.S.C. § 106, and thus is not a legal or beneficial owner under 17 U.S.C. §501(b). This Court's conclusion that Goss is not a "legal owner" of the copyrighted works is supported by Goss's own repeated statements to the Colorado probate court that "the Copyrights and Litigation Claims are and remain property of the Probate Estate and are subject to probate administration . . . ." (Doc. 178-2 at 2.) Additionally, where the Probate Estate is actively conducting a sheriff's sale of the copyrights and derivative claims to pay off creditors, Goss is not the legal owner under the test laid out in Righthaven. 813 F.Supp.2d at 1269. As Goss is not the legal owner of the copyrighted materials, she lacks standing to bring this copyright infringement claim.

*C. Attorney fees*

The Court will deny Defendants' motion for attorney fees and costs because Goss appears to have had a good-faith claim that she was a legal owner of the copyrights as Biss's sole heir. (Doc. 1 ¶¶ 16-18.) Thus, Goss did not "abuse the statutory remedies for copyright infringement." Righthaven, 813 F.Supp.2d at 1273.

**III.   Conclusion**

For the reasons discussed above, the Court GRANTS Defendants' motion to dismiss in part, dismissing Plaintiff's copyright infringement claim with prejudice and DENIES Defendants' motion in part, as it relates to collecting attorney fees. In light of this, the Court dismisses Defendants' pending Motion for Summary Judgment (Doc. 107) and Defendants' pending Motion for Partial Summary Judgment (Doc. 132) as moot.[3]

There are remaining claims in this case not resolved by this order. All parties are ordered to submit a status report to this Court no later than April 15, 2014 on the status of all remaining claims.

DONE AND SIGNED this  7th   day of   March  , 2014.

BY THE COURT:

*s/ David M. Ebel*

U. S. Circuit Court Judge

---

[3] Defendants' Motion for Summary Judgment (Doc. 107) also requested attorney fees, and given the dismissal of that motion, and for the reasons stated in this order, that request for attorney fees will not be granted.